## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| **JUSTIN EUGENE TAYLOR,** | ) | **Crim. No. 3:08CR326** |
| *Movant,* | ) | |
| **v.** | ) | **Civil No.** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| *Respondent.* | ) | |

### SECOND OR SUCCESSIVE MOTION TO
### VACATE JUDGMENT UNDER 28 U.S.C. § 2255

Petitioner, Justin Eugene Taylor, through undersigned counsel, hereby files this motion to

set aside the judgment in this case on Count Seven, pursuant to 28 U.S.C. § 2255.[1]   As

explained below, Mr. Taylor's conviction under 18 U.S.C. § 924(c) on Count Seven must be

vacated in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct.

2551 (2015).

Mr. Taylor also respectfully requests that this motion be held in abeyance pending a

decision from the United States Court of Appeals for the Fourth Circuit regarding whether Hobbs

Act robbery is a "crime of violence" under § 924(c).   That court has tentatively set the issue for

---

[1]  Pursuant to the rules governing § 2255 proceedings, all § 2255 petitions must "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rule 2(b)(5) of Rules Governing § 2255 Proceedings.   According to the Advisory Committee Notes to this rule, "[t]he Committee envisions that the courts will apply third-party, or 'next friend,' standing analysis in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner."  *Id.* Advisory Committee Notes, 2004 Amend.

The 2004 amendments to Rule 2(b)(5), however, also explicitly provide that attorneys be given "next friend" standing.   More specifically, "Rule 2(b)(5) has been amended by removing the requirement that the motion be signed personally by the moving party.   Thus, under the amended rule the motion may be signed by movant personally or by someone acting on behalf of the movant, assuming that the person is authorized to do so, **for example, an attorney for the movant**."  *Id.* (emphasis added).   An attorney, therefore, need not establish next friend standing to sign a § 2255 motion on behalf of a movant.

Nevertheless, counsel will obtain a signed statement from Mr. Taylor declaring under penalty of perjury that he has reviewed this motion and has requested that undersigned counsel file it on his behalf. When this signed statement is received, it will be forwarded to the Court.

argument in September in *United States v. Ali*, 15-4433. Several other cases before the Fourth Circuit have also raised the issue. *See, e.g.*, *United States v. El Shamy*, 16-4054; *United States v. Wilson*, 16-4002; *United States v. Terry*, 15-4564; *United States v. Bailey*, 14-487.

## INTRODUCTION

On February 13, 2009, Mr. Taylor pleaded guilty to Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951 (Count Five), and Using and Carrying a Firearm during and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) (Count Seven). Specifically, the second superseding indictment alleged that the underlying "crime of violence" for the § 924(c) charge was conspiracy to interfere with commerce by armed robbery as charged in Count Five, and interference with commerce by threats and force, as charged in Count Six. *See* Doc. 17. However, post-*Johnson*, both conspiracy convictions and Hobbs Act Robbery fail to qualify as a "crime of violence." Therefore, Mr. Taylor is actually innocent of the § 924(c) offense, and his conviction is void.

The relevant portion of § 924(c) defining a "crime of violence" has two clauses. The first, § 924(c)(3)(A), is commonly referred to as the "force clause." The second, § 924(c)(3)(B), is commonly referred to as the "residual clause." The § 924(c) residual clause is materially indistinguishable from the Armed Career Criminal Act (ACCA) residual clause (18 U.S.C. §924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as unconstitutionally vague. It follows that the § 924(c) residual clause is likewise unconstitutionally vague. Hence, no offenses–including Hobbs Act Robbery or conspiracies–can qualify as a "crime of violence" under the § 924(c) residual clause. Likewise, neither Hobbs Act Robbery nor a conspiracy offense qualify as a "crime of violence" under the § 924(c) force clause. Therefore, the "crime

2

of violence" element of § 924(c) cannot be satisfied here, and a conviction cannot be constitutionally sustained under the statute.

As a result, Mr. Taylor's § 924(c) conviction violates 1) due process, 2) violates the laws of the United States and results in a fundamental miscarriage of justice, and 3) was entered in excess of this Court's jurisdiction. Therefore, he is entitled to relief under 28 U.S.C. §2255(a). Mr. Taylor's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson*, a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review."[2] The Fourth Circuit authorized him to file a successive § 2255 motion on June 24, 2016. *See* Doc. 74. Therefore, Mr. Taylor respectfully requests that this Court grant his § 2255 motion and vacate his conviction.

As grounds for this motion, Mr. Taylor states as follows:

## STATEMENT OF FACTS

### A.      Guilty Plea and Sentencing

On February 13, 2009, Mr. Taylor pleaded guilty to Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951 (Count Five), and Using and Carrying a Firearm during and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) (Count

---

[2] The rules governing the time for filing a § 2255 motion are governed by § 2255(f). *See* Rule 3(c) of Rules Governing § 2255 Proceedings. Section 2255(f)(3) provides that any claim for relief must be filed within one year of "the date on which the right asserted was initial recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The rules governing § 2255 proceedings state that the Federal Rules of Civil and Criminal Procedure apply to the extent they are not inconsistent with the § 2255 rules. Both provide that when the last day of a filing period falls on a Sunday, the period continues to run until the end of the next day. *See* Fed. R. Civ. Proc. 6(a)(1)(C); Fed. R. Crim. Proc. 45(a)(1)(C). Thus, because the one-year anniversary of the Supreme Court's decision in *Johnson* was June 26, 2016, which was a Sunday, the

3

Seven).   On May 14, 2009, Mr. Taylor was sentenced to 240 months imprisonment on Count Five and 120 months on Count Seven, to run consecutive, for a total term of 360 months.

### B.      Direct Appeal

On May 19, 2009, Mr. Taylor filed a notice of appeal.   *See* Doc. 42.   Mr. Taylor argued on appeal that the district court unlawfully denied his request for a downward departure, unlawfully treated two of his prior offenses as separate sentences, and that he did not waive his right to appeal.   *See* Opening Brief of Appellant, *United States v. Taylor*, 2010 WL 943519 (4th Cir. Mar. 16, 2010).   The Fourth Circuit dismissed his appeal on January 7, 2011, finding he had knowingly and voluntarily waived his right to appeal.   *See United States v. Taylor*, No. 09-4468 Doc. 54 (4th Cir. Jan. 7, 2011).

### C.      Previous § 2255 Petition

On June 26, 2012, Mr. Taylor filed his first 28 U.S.C. § 2255 motion.   *See* Doc. 58. In this motion, Mr. Taylor claimed that he did not waive his right to appeal, that the court erred in calculating his guideline range, and that he received ineffective assistance of counsel.   On July 7, 2015, the district court denied Mr. Taylor's § 2255 motion.    *See* Docs. 69-70.

### D.      *Johnson v. United States*

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551.   In that case, the Court overruled *Sykes v. United States*, 131 S. Ct. 2267 (2011) and *James v. United States*, 550 U.S. 192 (2007), and invalidated the ACCA's residual clause as too vague to provide adequate notice under the Due Process Clause.   In *Johnson*, 135 S. Ct. 2251, the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates the

---

deadline for filing a § 2255 motion raising a claim under *Johnson* is Monday, June 27, 2016.

Constitution's guarantee of due process.   Specifically, the Court concluded that "the indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," and "[i]ncreasing a defendant's sentence under the clause denies due process of law."  *Id.* at 2257.  Finding the residual clause "vague in all its applications[,]" the Court overruled its contrary decisions in *Sykes* and *James.*  *Id.* at 2562-63. After *Johnson,* both Mr. Taylor's § 924(c) conviction cannot be sustained for the reasons noted below.

## ARGUMENT

I.   **After *Johnson*, Mr. Taylor's conviction under 18 U.S.C. § 924(c) cannot be sustained because Hobbs Act Robbery and Conspiracy fail to qualify as "crimes of violence."**

Mr. Taylor's § 924(c) conviction for using a firearm in relation to a "crime of violence" is void because the "crime of violence" element cannot be satisfied here.   The predicate offenses of Hobbs Act Robbery and Conspiracy to commit the same do not qualify as "crimes of violence" as a matter of law.

Under § 924(c)(3), "crime of violence" is defined as follows:

(3)   For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

(A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The first clause – § 924(c)(3)(A) – is the force clause.   The second – § 924(c)(3)(B) – is the residual clause.   As discussed in the next sections, Hobbs Act Robbery and Conspiracy to

Commit Hobbs Act Robbery both fail to qualify as a "crime of violence" under the residual clause because it is void for vagueness under *Johnson*.    In *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague.   135 S. Ct. 2551, 2557 (2015).   Under *Johnson*, § 924(c)'s materially indistinguishable residual clause (§ 924(c)(3)(B)) must similarly be stricken as unconstitutional. Hobbs Act Robbery and Conspiracy to commit the same also both fail to qualify as a "crime of violence" under the remaining force clause (§ 924(c)(3)(A)) because it can be accomplished without the intentional use, attempted use, or threatened use of force.   Therefore, a conviction cannot be constitutionally sustained under § 924(c) for Count Seven.

### A.    Section 924(c)'s residual clause is unconstitutionally vague.

Hobbs Act Robbery and Conspiracy offenses cannot qualify as "crimes of violence" under § 924(c)(3)'s residual clause because the clause is void for vagueness under *Johnson*.   In *Johnson*, the Supreme Court decided that the ACCA's residual clause ("otherwise involves conduct that presents a serious potential risk of physical injury to another") is unconstitutionally vague, but the decision equally applies to the parallel "crime of violence" definition set forth under § 924(c)(3)'s residual clause.   Section 924(c)(3)(B) suffers from the same two flaws that compelled the Supreme Court to declare the ACCA residual clause void for vagueness.   Thus, using § 924(c)(3)(B) to categorize a predicate conviction as a "crime of violence" violates due process.

Indeed, the Ninth Circuit in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) and the Seventh Circuit in *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) recently struck down an identical residual clause – 18 U.S.C. § 16(b) – as unconstitutionally vague in light of

6

*Johnson*.    The rationale of *Dimaya* and *Vivas-Ceja* applies equally to the determination of whether an offense qualifies as a "crime of violence" under 18 U.S.C. § 924(c).    Relying on the same reasoning of *Dimaya* and *Vivas-Ceja,* several district courts have recently concluded that the § 924(c) residual clause was void for vagueness.   *See United States v. Smith*, No. 2:11CR058, 2016 WL 2901661 (D. Nev. May 18, 2016) (concluding that § 924(c)'s residual clause is void after *Johnson*); *United States v. Lattanaphom*, No. 2:99-00433, 2016 WL 393545 (E.D. Cal. Feb. 2, 2016) (same); *United States v. Bell*, No. 15-cr-258, 2016 WL 344749 (N.D. Cal. Jan, 28, 2016) (same); *United States v. Edmundson*, No. PWG-13-15, 2015 WL 9311983 (D. Md. Dec. 23, 2015) (same).   This Court should do the same.

### 1.    *Johnson* expressly overruled the "ordinary case" approach to determining whether a felony qualifies as a "crime of violence."

In *Johnson*, the Supreme Court "began its analysis of the vagueness question by noting that the [ACCA] residual clause mandates the use of a two-step framework [under the categorical approach], to determine whether a crime is a violent felony."   *Vivas-Ceja*, 808 F.3d at 721 (citing *Johnson,* 135 S. Ct. at 2557, 2562).   "In the first step, the court must determine 'the kind of conduct that the crime involves in the ordinary case' as opposed to the facts on the ground in the defendant's prior case."   *Id.* (quoting *Johnson*, 135 S. Ct. at 2557).   The second step is also dependent on the ordinary case.   Specifically, the "court must gauge whether that ordinary case of the crime presents a serious potential risk of physical injury."   *Id.*

The Supreme Court held that these "two features of the residual clause conspire to make it unconstitutionally vague."   *Johnson*, 135 S. Ct. at 2557.   To begin with, the Court held that it is impossible for a sentencing court to even get past the first step because there is too much

uncertainty about what constitutes the ordinary case of a crime.   *Id.*   The Court concluded that the "the residual clause offers no reliable way to choose between [] competing accounts of what 'ordinary' . . . involves."   *Id.* at 2558.   Specifically, the Court explained that a statistical analysis of reported cases, expert evidence, Google, and gut instinct are all equally unreliable in determining the "ordinary case."   *Id.* at 2557 (quoting *United States v. Mayer*, 560 F.3d 948, 952 (9th Cir. 2009) (Kozinski, C.J., dissenting from denial of rehearing en banc).

The Court then held that the second step of the residual clause is equally flawed because there is too much "'uncertainty about how much risk it takes' [i.e., the quantum of risk] before a court can conclude that the 'ordinary case' of a crime is serious enough to be a violent felony." *Vivas-Ceja*, 808 F.3d at 722 (citing *Johnson,* 135 S. Ct. at 2558).   To be clear, the Court's reasoning on the second step did not turn on the type of risk, i.e. "serious potential risk of physical injury."   Rather, like the first step, it also turned on the doomed "ordinary case" inquiry: "It is one thing to apply an imprecise 'serious potential risk' standard to real-word facts; it is quite another to apply it to a judge-imagined [ordinary case] abstraction."   *Johnson*, 135 S. Ct. at 2558.   With these words, the Court conveyed that the constitutionality of the ACCA residual clause would not have been in question if the statute had required the jury to determine the risk based on the individual facts in the case.   *Id.*   The Court explained that it was not doubting the constitutionality of any statute which "require[s] gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*."   *Johnson* at 2561 (emphasis added). However, because under the ACCA residual clause, the quantum of risk had to be assessed based on the ordinary case, the clause was constitutionally doomed.   The Court held that such

8

indeterminacy, unpredictability, and arbitrariness inherent in the "ordinary" case analysis is more than the "Due Process Clause tolerates." *Id.* at 2558.

Thus, *Johnson* not only invalidated the ACCA residual clause, but it invalidated the "ordinary case" analysis and statutory provisions that compel such an analytical framework. In other words, the only way to apply the residual clause is to use the "ordinary case" analysis, and the "ordinary case" analysis is impossible to apply in a constitutional manner.

## 2. *Johnson* Means That § 924(c)(3)(B) Is Unconstitutionally Vague.

The statutory phrase at issue in this case is essentially the same as the ACCA residual clause.[4] To be sure, 18 U.S.C. § 924(e)(2)(B)(ii) and 18 U.S.C. § 924(c)(3)(B) are not verbatim identical.[5] But the differences have no impact on the constitutional analysis. Although the risk at issue in the ACCA is a risk of injury, and the risk at issue in § 924(c) is a risk that force will be used, this difference is immaterial to the due process problem and has no impact on the *Johnson*

---

[4] Courts regularly compare the similarities between the residual clause in the ACCA to the clause at issue here. Although the comparison tends to specifically address 18 U.S.C. § 16(b), that statute is identical to § 924(c)(3)(B). *See, e.g., Chambers v. United States*, 555 U.S. at 133, n.2 (2009) (citing circuit splits on § 16(b) in the context of a residual clause case because § 16(b) "closely resembles ACCA's residual clause") (Alito, J., concurring). *See also United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on an ACCA case to interpret the definition of a crime of violence under § 924(c)(3)(B)); *United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993) (same); *United States v. Keelan*, 786 F.3d 865, 871 n.7 (11th Cir. 2015) (describing the ACCA otherwise clause and § 16(b) as "analogous"); *Roberts v. Holder*, 745 F.3d 928, 930-31 (8th Cir. 2014) (using both ACCA cases and § 16(b) cases to define the same "ordinary case" analysis); *United States v. Sanchez-Espinal*, 762 F.3d 425, 432 (5th Cir. 2014) (despite the fact that the ACCA talks of risk of injury and § 16(b) talks of risk of force, "we have previously looked to the ACCA in deciding whether offenses are crimes of violence under § 16(b)").

[5] In pertinent part, the ACCA residual clause defines a "violent felony" as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Section 924(c)(3)(B) defines a crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

decision.[6]  The Court's holding did not turn on the type of risk, but rather how a court assesses and quantifies the risk.[7]

The two-step process is the same under both the ACCA and § 924(c).  Both statutes require courts first to picture the "ordinary case" embodied by a felony,[8] and then decide if it qualifies as a crime of violence by assessing the quantum of risk posed by the "ordinary case."

---

[6] *See Vivas-Ceja*, 808 F.3d at 722 ("§ 16(b) substitutes 'substantial risk' for the residual clause's 'serious potential risk.'  Any difference between the two phrases is superficial.  Just like the residual clause, § 16(b) offers courts no guidance to determine when the risk involved in the ordinary case of a crime qualifies as 'substantial.'"); *Jimenez-Gonzales v. Mukasey*, 548 F.3d 557, 562 (7th Cir. 2008) (noting that, "[d]espite the slightly different definitions," the Supreme Court's respective analyses of the ACCA and § 16(b) "perfectly mirrored" each other). *See also United States v. Gomez-Leon,* 545 F.3d 777 (9th Cir. 2008); *United States v. Coronado-Cervantes*, 154 F.3d 1242, 1244 (10th Cir. 1998); *United States v. Kirk*, 111 F.3d 390, 394 (5th Cir. 1997); *United States v. Bauer*, 990 F.2d 373, 374 (8th Cir. 1993) (describing the differences between the statutes as "immaterial" and holding that U.S.S.G. § 4B1.2, which uses the ACCA language, "is controlled by" a decision that interprets § 16(b)).

[7] Of course, many federal and state criminal laws include "risk" standards that employ adjectives similar to those in the ACCA and § 924(c), such as "substantial," "grave," and "unreasonable." And the Supreme Court in *Johnson* said it did not mean to call most of these into question. But, as Justice Scalia's majority opinion observed, that is because the vast majority of such statutes require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion; in other words, applying such a standard to "real-world conduct." By contrast, the ACCA's residual clause, and § 924(c)(3) too, require it to be applied to "an idealized ordinary case of the crime," an "abstract inquiry" that "offers significantly less predictability."  *Johnson*, 135 S. Ct. at 2558.

[8] Both the ACCA and § 924(c)(3)(B) require courts to discern what the ordinary case of a crime is by using the categorical approach. *See, e.g., United States v. Fuertes*, 805 F.3d 485,498 (4th Cir. 2015);  *United States v. Butler*, 496 Fed. Appx. 158, 161 n.4 (3d Cir. 2012); *Evans v. Zych*, 644 F.3d 447, 453 (6th Cir. 2011); *United States v. Serafin*, 562 F.3d 1104, 1108 (10th Cir. 2009); *United States v. Green*, 521 F.3d 929, 932 (8th Cir. 2008); *United States v. Acosta*, 470 F.3d 132, 134 (2d Cir. 2006); *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995). Courts may not consider the factual means of committing any given offense, but must consider the nature of the offense in the "ordinary case," regardless of whether the ACCA, § 924(c)(3)(B), or § 16(b) is at issue.

The Fourth Circuit held exactly as such in *United States v. Avila*, 770 F.3d 1100, 1107 (4th Cir. 2014), in construing § 16(b):

> [E]very set of conceivable facts covered by first-degree burglary does not have to present a serious risk of injury for it to qualify as a crime of violence. It is sufficient if "the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *James*, 550 U.S. at 208, 127 S. Ct. 1586. As long as an offense is of a type that, by its nature, presents a substantial risk that physical force against the person or property of another may be used, it satisfies the requirements of 18 U.S.C. § 16(b).

*Id.*

*Avila* controls here because § 16(b) and § 924(c)(3)(B) are identical.[9]  Even more, consistent with *Avila*, in *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015), the Fourth Circuit directly applied the "ordinary case" inquiry to the § 924(c) residual clause.  805 F.3d at 500 n.6.  *See also United States v. Naughton*, 621 Fed. Appx. 170, 178 (4th Cir. Sept. 2, 2015) (applying the ordinary case inquiry to § 924(c)(3)(B)).  Thus, as Judge Grimm explained in *Edmundson*, the "§ 924(c) residual clause suffers from exactly the same double indeterminancy as the ACCA residual clause."  *Edmundson*, 2015 WL 9311983, at *4.  Moreover, the Seventh and Ninth Circuits recognized the same in invalidating § 16(b), the identical twin to §924(c)(3)(B), as void for vagueness under *Johnson*.  *See Vivas-Ceja*, 808 F.3d at 723; *Dimaya*, 803 F.3d at 1117.

---

[9] Other courts likewise require the ordinary case analysis when the statutory language of § 16(b) (and thus § 924(c)(3)(B)) is at issue.  *See, e.g., Keelan*, 786 F.3d at 871 (adopting "ordinary case" analysis for § 16(b)); *United States v. Ramos-Medina*, 706 F.3d 932, 938 (9th Cir. 2012) (citing *James* as the source of the "ordinary case" analysis required by § 16(b)); *Van Don Nguyen v. Holder*, 571 F.3d 524, 530 (6th Cir. 2009) (considering § 16(b) and concluding that "[t]he proper inquiry is one that contemplates the risk associated with the proscribed conduct in the mainstream of prosecutions brought under the statute."); *United States v. Sanchez-Garcia*, 501 F.3d 1208, 1213 (10th Cir. 2007) (same).

It is also noteworthy that in litigating *Johnson*, the Government, through the Solicitor General, agreed that the phrases at issue in *Johnson* and here pose the same problem.  Upon recognizing that the definitions of a "crime of violence" in both § 924(c)(3)(B) and § 16(b) are identical, the Solicitor General stated:

> Although Section 16 refers to the risk that force will be used rather than that injury will occur, it is equally susceptible to petitioner's central objection to the residual clause: Like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

*Johnson v. United States*, S. Ct. No. 13-7120, Supplemental Brief of Respondent United States at 22-23 (available at 2015 WL 1284964 at *22-*23) (March 20, 2015).   The Solicitor General was right.   Section 924(c)(3)(B) and the ACCA are essentially the same and contain the same flaws. This Court should hold the Government to that concession.

Section 924(c)(3)(B), like the ACCA residual clause, thus requires the "ordinary case" analysis to assess the risk involved in a predicate offense, and how risky that ordinary case is. *Fuertes*, 805 F.3d at 500 n.6; *Avila*, 770 F.3d at 1107; *Ayala*, 601 F.3d at 267; *Van Don Nguyen*, 571 F.3d at 530; *Sanchez-Garcia*, 501 F.3d at 1213.   Since these are the identical analytical steps that brought down the ACCA residual clause, § 924(c)(3)(B) cannot survive constitutional scrutiny under the due process principles reaffirmed in *Johnson*.   As a consequence, the residual clause cannot be used to support a conviction under § 924(c).

**B.     A Hobbs Act Robbery and Conspiracy to Commit Hobbs Act Robbery fail to qualify as "crimes of violence" under the § 924(c) force clause.**

**1.     The categorical approach applies in determining whether an offense qualifies as a "crime of violence" under the "force" clause.**

In determining whether an offense qualifies as a "crime of violence" under the "force" clause, sentencing courts must employ the categorical approach.  *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. Royal*, 731 F.3d 333, 341-41 (4th Cir. 2013).[10]  This approach requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence."  *Descamps*, 133 S. Ct. at 2283 (citation omitted); *Royal*, 731 F.3d at 341-42.   In addition, under the categorical approach, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute – "including the most innocent conduct" –  matches or is narrower than the "crime of violence" definition.  *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).   If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

As a result, post-*Descamps*, for an offense to qualify as a "crime of violence" under the § 924(c) "force" clause, the offense must have an element the use, attempted use, or threatened use of  "physical force" against another person or property. 18 U.S.C. § 924(c)(3)(A).   In this context, "physical force" means *violent* force – that is "strong physical force," which is "capable

---

[10]  Although *Descamps* involved the categorical approach as applied to the ACCA, this same categorical approach applies in determining whether an offense qualifies as a "crime of violence" under the § 924(c) force clause.   *See Fuertes*, 805 F.3d at 498.

of causing physical pain or injury to another person."   *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).[11]

As further detailed below, under these terms, Hobbs Act Robbery and Conspiracy to commit the same both fail to qualify as § 924(c) "crimes of violence."

### 2.      Conspiracy to Commit Hobbs Act Robbery is not a violent crime.

Conspiracy offenses fail to qualify as crimes of violence because they have no force element.   Before *Johnson*, the Fourth Circuit had concluded that conspiracy offenses qualified solely as violent felonies under the ACCA's residual clause.   This was because conspiracies only require an agreement, or at most an overt act, neither of which mandate an element of force. After *Johnson*, conspiracies no longer qualify as violent felonies or crimes of violence under the ACCA or § 924(c) because they do not have a necessary element of force.

In *United States v. White*, the Fourth Circuit originally concluded that for a conspiracy to be a "violent felony" under the ACCA, the object of the conspiracy must qualify as a "violent felony."   571 F.3d 365, 370 (4th Cir. 2009) ("When conspirators have formed a partnership in crime to achieve a violent objective, and when they intend to achieve that object, they have substantially increased the risk that their actions will result in serious physical harm to others.").

---

[11]   Courts of Appeals have consistently held that 18 U.S.C. § 16(a) (which is almost the same as §924(c)(3)(A)) contemplates "destructive," "violent force" – not *de minimis* force.   *United States v. Landeros-Gonzales*, 262 F.3d 424, 426 (5th Cir. 2001); *see also Flores-Lopez v. Holder*, 685 F.3d 857, 864 (9th Cir. 201) (requiring "use of violent, physical force"); *United States v. Serafin*, 562 F.3d 1105, 1109 (10th Cir. 2009); *Jobson v. Ashcroft*, 326 F.3d 367, 373 (2d Cir. 2003); *Bazan-Reyes v. INS*, 256 F.3d 600, 611 (7th Cir. 2001) ("[T]erm 'physical force' in 18 U.S.C. § 16(b) refers to actual violent force."). Indeed, the Supreme Court in *Johnson* cited lower court opinions defining "physical force" under § 16 when defining "physical force" in the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA).   559 U.S. at 140 (citing *Flores*, 350 F.3d at 672).

14

This conclusion, however, was abrogated by the Supreme Court's decision in *Johnson*. The Fourth Circuit has now concluded that conspiracy convictions no longer qualify as ACCA predicates. *See United States v. Melvin*, 621 F. App'x 226 (4th Cir. 2015) (mem.) (concluding that conspiracy conviction no longer qualified as ACCA predicate after *Johnson*).

No matter the object of the conspiracy, conspiracy convictions no longer qualify as crimes of violence because, under *White*, conspiracy only qualified under the ACCA's residual clause. Put another way, conspiracy is nothing more than an agreement and possibly an overt act, neither of which require force or threat of violent force. Therefore, conspiracy offenses cannot qualify as either a crime of violence or a violent felony because they do not have a necessary element of force. *See White*, 571 F.3d at 370 (explaining that conspiracy qualified as violent felony based on objective); *see also Edmundson*, 2015 WL 9311983 at *4 (finding that conspiracy to commit Hobbs Act Robbery does not qualify as a crime of violence under the force clause of § 924(c) and that the residual clause in § 924(c) is void for vagueness after *Johnson*).

Simply put, after *Johnson*, conspiracies can no longer be § 924(c) predicates because they do not have a necessary force element. Therefore, Mr. Taylor's conspiracy conviction on Count Five does not qualify as a "crime of violence" to support his conviction under § 924(c) on Count Seven.

> **3.   Hobbs Act Robbery under § 1951(b) fails to qualify as a "crime of violence" under the "force" clause of § 924(c)(3) because it can be violated without 1) the use of attempted use, or threatened use of violent physical force, or 2) an intentional threat of the same.**

To qualify as a crime of violence under § 924(c)'s force clause, the elements of the offense must include an element of "the use, attempted use, or threatened use of physical force

against the person or property of another."   18 U.S.C. § 924(c)(3)(A).   "Physical force" in this context means "violent force" or "strong physical force" that is "capable of causing physical pain or injury to another person."   *United States v. Johnson*, 559 U.S. 133, 140 (2010).[12]   Thus, for Hobbs Act Robbery to constitute a crime of violence under the § 924(c) force clause, it must include an element of the use, attempted use, or threatened use of violent force.   If any available means of committing Hobbs Act Robbery is nonviolent, the categorical approach dictates that it is not a crime of violence under the force clause.   *See United States v. Naughton*, 621 F. App'x 170, 178 (4th Cir. 2015) (citing *Descamps*, 133 S Ct. at 2285-86).

The plain language of the Hobbs Act robbery statute under 18 U.S.C. § 1951 provides that the offense can be accomplished by the act of placing another in fear of injury.   This action, at best, constitutes a threat of *injury* to another, which squarely does not require the use or threatened use of "violent force."   The Fourth Circuit's decision in *Torres-Miguel,* 701 F.3d 165, is directly on point.   Indeed, in that case, the Fourth Circuit unequivocally held that the threat of *any physical injury,* even "serious bodily injury or death," does not necessarily require the use of physical force – let alone "violent force."   *Torres-Miguel*, 701 F.3d at 168.

---

[12]   Courts of Appeals have consistently held that 18 U.S.C. § 16(a) (which is almost the same as § 924(c)(3)(A)) contemplates "destructive," "violent force" – not *de minimis* force.   *United States v. Landeros-Gonzales*, 262 F.3d 424, 426 (5th Cir. 2001); *see also Flores-Lopez v. Holder*, 685 F.3d 857, 864 (9th Cir. 201) (requiring "use of violent, physical force"); *United States v. Serafin*, 562 F.3d 1105, 1109 (10th Cir. 2009); *Jobson v. Ashcroft*, 326 F.3d 367, 373 (2d Cir. 2003); *Bazan-Reyes v. INS*, 256 F.3d 600, 611 (7th Cir. 2001) ("[T]erm 'physical force' in 18 U.S.C. § 16(b) refers to actual violent force.").   Indeed, the Supreme Court in *Johnson* cited lower court opinions defining "physical force" under § 16 when defining "physical force" in the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA).   559 U.S. at 140 (citing *Flores*, 350 F.3d at 672).

16

Accordingly, *Torres-Miguel* and similar case holdings in other circuit courts command that Hobbs Act robbery, which can be accomplished by putting another in fear of physical injury, does not require "violent force."   If threat of serious bodily injury or death did not equal violent force in *Torres-Miguel*, then certainly, threat of "physical injury" does not.   Indeed, a defendant can place another in fear of injury by threatening to *poison* that person, to expose that person to hazardous chemicals, to place a barrier in front of the person's car, to lock the person up in the car on a hot day, to lock that person at an abandoned site without food or shelter – some of the very examples that the Fourth Circuit in *Torres-Miguel* as well as the other Courts mentioned above held do not constitute "violent force."

Even more, Hobbs Act robbery can also be accomplished by placing someone in fear of injury to his *property*.   This also does not require "violent force" against property because it can be accomplished by many means short of strong physical force.   "The concept of 'property' under the Hobbs Act is an expansive one" that includes "*intangible assets*, such as rights to solicit customers and to conduct a lawful business."   *United States v. Arena*, 180 F.3d 380, 392 (2d. Cir. 1999) (citing 18 U.S.C. § 1951(a) and interpreting robbery definition that includes threats against physical violence against "persons 'or property'") *abrogated in part on other grounds by Scheidler v. Nat'l Org. for Women, Inc.*   537 U.S. 393, 401 n.8 (2003) (emphasis added); *see also United States v. Iozzi*, 420 F.2d 512, 514 (4th Cir. 1970) (sustaining conviction under Hobbs Act when boss threatened "to slow down or stop construction projects unless his demands were met."); *United States v. Local 560 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America*, 780 F.2d 267, 281 (3d Cir. 1986) (the Circuits "are unanimous in extending Hobbs Act to protect intangible, as well as tangible

property.").   Thus, Hobbs Act robbery can be committed via threats to cause a devaluation of some economic interest like a stock holding.   Such threats to economic interests are certainly not threats of "violent force."   Even injury to tangible property does not require the threat of violent force.   One can threaten to injure another's property by throwing paint on someone's house, pouring chocolate syrup on one's passport, or spray painting someone's car.   It goes without saying that these actions do not require violent force.

Because "the full range of conduct" covered by the Hobbs Act robbery statute does not require "violent force" against persons or property, it simply cannot qualify as a "crime of violence" under § 924(c)(3)'s force clause.   *Torres-Miguel*, 701 F.3d at 171.   It makes no difference, even if the possibility of violating the Hobbs Act robbery statute without violent physical force is slim.   Because the possibility exists, this Court cannot legally find that Hobbs Act robbery is a "crime of violence."

Likewise, the act of putting someone in fear of injury, as defined under the Hobbs Act robbery statute, does not constitute a "crime of violence" under the force clause because it does not require an *intentional* threat of physical force.   In *Garcia v. Gonzales*, 455 F.3d 465, 468 (4th Cir. 2006), the Fourth Circuit firmly held that an offense can only constitute a "crime of violence" under the force clause if it has an element that requires an "*intentional* employment of physical force [or threat of physical force]."   *Id.* (emphasis added).   The "fear of injury" element under the Hobbs Act robbery statute does not require a defendant to intentionally place another in fear of injury.   Therefore, it is missing the intentional mens rea necessary under *Garcia*.

Mr. Taylor acknowledges the Fourth Circuit's recent decision in *United States v. McNeal*, – F.3d –, 2016 WL 1178823 (4th Cir. Mar. 28, 2016) (concluding that armed bank robbery

18

qualifies as crime of violence).   He further acknowledges that *McNeal* relied on *United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995), which addressed Virginia's robbery offense.   For purposes of preservation, however, Mr. Taylor contends that *McNeal* was wrongly decided, and that because 18 U.S.C. § 1951(b) (Hobbs Act robbery), like Va. Code § 18.2-58 (Virginia robbery), can be violated solely through intimidation, it does not have the element of violent force necessary to qualify as a crime of violence under the career offender provision.   "Threats of violence or bodily harm are not an indispensable ingredient of intimidation.   It is only necessary that the victim actually be put in fear of bodily harm by the willful conduct or words of the accused."   *Harris v. Commonwealth*, 3 Va. App. 519, 521 (1986).   In other words, "[i]ntimidation differs from threat in that it occurs without an express threat by the accused to do bodily harm."   *Bivins v. Commonwealth*, 19 Va. App. 750, 743 (1995).

This conclusion becomes more apparent when Hobbs Act Robbery is compared to other federal criminal statutes.   The armed bank robbery statute, for example, criminalizes taking property or money from a person "by force *and* violence."   18 U.S.C. § 2113 (emphasis added).   Similarly, carjacking is defined as taking a motor vehicle "by force *and* violence."   18 U.S.C. § 2119 (emphasis added).   In contrast to these statutes, Hobbs Act Robbery criminalizes taking property from another by "force, *or* violence."   18 U.S.C. § 1951(b)(1).   To find that Hobbs Act Robbery necessarily involves an act of violent force would narrow the statute's scope, effectively nullifying the independent means of "actual or threatened force" and "fear of injury."   Therefore, the Court must find that Hobbs Act Robbery does not require an act of violent force, and is not a "crime of violence" within the meaning of § 924(c)(3)(A)'s force clause.

19

II.    **Mr. Taylor is entitled to relief under 28 U.S.C. § 2255 relief because (1) his claims under *Johnson* are cognizable, (2) *Johnson* is retroactive, and (3) his claims are timely.**

A.    **Mr. Taylor's claims are cognizable under § 2255(a).**

First, based on all the reasons noted above, Mr. Taylor's § 924(c) conviction violates due process because it was dependent upon an unconstitutionally vague residual clause.   The Court in *Johnson* expressly held that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process."   *Johnson*, 135 S. Ct. at 2563; *see also Watkins*, 810 F.3d at 380; *Price*, 795 F.3d at 732-33.   It declared that the residual clause is unconstitutionally vague and that the Due Process Clause forbids any use of it in increasing a defendant's sentence.   *Johnson*, 135 S. Ct. at 2563; *see also Welch v United States*, 136 S. Ct. 1257, 1261-62 ("The *Johnson* Court held the residual clause unconstitutional under the void-for-vagueness doctrine, a doctrine that is mandated by the Due Process Clauses of the Fifth Amendment (with respect to the Federal Government) and the Fourteenth Amendment (with respect to the States).").

Second, because both Hobbs Act Robbery and conspiracy offenses categorically fail to satisfy the "crime of violence" element under § 924(c) , the superseding indictment failed to state an offense under § 924(c), and Mr. Taylor has now been convicted of an offense that is no longer criminal.   This means his conviction violates the United States laws and results in a miscarriage of justice.   The Supreme Court has held that this is exactly the type of error that is cognizable under 28 U.S.C. §2255(a).   *See Davis v. United States*, 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law

20

[no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice and presents exceptional circumstances' that justify relief under § 2255").

Third, Mr. Taylor's conviction has been entered in excess of this Court's jurisdiction because not only did the indictment fail to state a § 924(c) offense, but it affirmatively alleged conduct that is outside of the sweep of § 924(c). Specifically, Count Seven charged Mr. Taylor with possessing and brandishing a firearm in furtherance of a crime of violence, to wit: Conspiracy to Interfere with Commerce by Robbery (as charged in Count Five) and Hobbs Act Robbery (as charged in Count Six). However, as discussed herein, neither of these offenses qualify as a crime of violence under § 924(c)(3). In turn, a § 924(c) conviction can never be sustained based on these underlying offenses, no matter what the facts are. Simply put, Count Seven altogether fails to state a valid offense. Thus, Mr. Taylor's conviction is a legal nullity that was entered in excess of this Court's jurisdiction and must be vacated. *See United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) (a jurisdictional defect exists "when the indictment affirmatively alleges conduct that does not constitute a crime at all because that conduct falls outside the sweep of the charging statute."); *United States v. Barboa*, 777 F.3d 1420, 1423 n. 3 (10th Cir. 1985) ("If Barboa pled guilty to something which was not a crime, he is not now precluded from raising this jurisdictional defect, which goes 'to the very power of the States to bring the defendant into court to answer the charge brought against him.'") (quoting *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)).

**B.     *Johnson* is retroactive.**

As the Supreme Court recently made clear in *Welch v. United States*, *Johnson* announced a new substantive rule that has retroactive effect on collateral review. That means that because

Mr. Taylor is entitled to relief under *Johnson*, this Court should grant his motion and re-sentence him accordingly.   *See Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) ("Johnson announced a substantive rule that has retroactive effect in cases on collateral review.").

### C.      This motion is timely under 28 U.S.C. § 2255(f)(3).

This motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."   The Supreme Court decided *Johnson* on June 26, 2015, and made it retroactive in *Welch*.   Mr. Taylor filed his claim within a year of that date.[3]

### CONCLUSION

For the reasons set forth above, Mr. Taylor respectfully asks this Court to grant his Motion, vacate his § 924(c) conviction.

Respectfully submitted,

**JUSTIN EUGENE TAYLOR**

By:   _____/s/_____
         Counsel

Paul E. Shelton, Jr.
Virginia State Bar Number: 88550
Office of the Federal Public Defender
701 East Broad Street, Suite 3600
Richmond, VA 23219
Telephone: (804) 565-0890
Fax: (804) 648-5033
paul_shelton@fd.org

---

[3] *See supra* p. 3 n. 2.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2016, I electronically filed the foregoing with the Clerk

of the Court using CM/ECF system, which will send a notification of such filing (NEF) to:

> Olivia L. Norman
> Office of the United States Attorney
> 919 E. Main Street, Suite 1900
> Richmond, VA 23219
> olivia.l.norman@usdoj.gov

By: _____/s/_____
　　　　　　　Counsel
Paul E. Shelton, Jr.
Virginia State Bar Number: 88550
Office of the Federal Public Defender
701 East Broad Street, Suite 3600
Richmond, VA 23219
Telephone: (804) 565-0890
Fax: (804) 648-5033
paul_shelton@fd.org